### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT PADUCAH
### CIVIL ACTION NO. 5:07CV-P96-R

**JAKE DEAN SMITH**                                                                 **PLAINTIFF**

**v.**

**TRANSCOR AMERICA** *et al.*                                                **DEFENDANTS**

### <u>MEMORANDUM OPINION</u>

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983") and the

Americans with Disabilities Act ("ADA").  The complaint is before the Court for screening

pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).  For

the reasons set forth below, the Court will dismiss Plaintiff's deprivation of property claims, but

will allow the remainder of Plaintiff's claims to proceed against Defendants for further

development.

### I.  SUMMARY OF CLAIMS

Plaintiff, a convicted inmate currently incarcerated at the St. Joseph County Jail in South

Bend, Indiana, has sued TransCor America and the Christian County Jail.  Plaintiff describes

himself as "a handicapped man.  I am missing my left leg from 6 inches below my groin and my

right knee is very week."  According to Plaintiff he was picked up by TransCor America from

the Arapahoe County Jail in Englewood, Colorado, on March 27, 2007, to be taken to South

Bend, Indiana.  Plaintiff states that he was transported on a bus that was not equipped to handle a

handicapped person and was kept on the bus for three days without rest.  After a twenty-four

hour rest in the Gonzales, Texas County Jail, Plaintiff was loaded back on another TransCor bus

that was also not handicapped accessible and was kept on that bus approximately three additional

days.  Then Plaintiff states that:

On the 3rd of April I was dropped off at the Christian County, Kentucky Jail in

Kentucky.  When I was taken into the Jail I was put into a gym with about 30 other people.  I was made to sleep on the floor of the gym on a 3 inch thick mat.  The Christian County Jail was in no way handicap equipt.  Because of my disability, I was unable to get up off the floor by myself.  Several other inmates had to pick me off the floor and physically take me to the bathroom which had no handicap bars. I could not get up off the toilet by myself either at that point my knee was in bad shape.  The gym did not have a shower in it and to shower all of the TCA inmates where taken to a separate gym with a shower.  There was no way I could get into this shower as there was a step up and not handicap equipt.  I was told that was the only shower I could use, and to use it.  I tried and fell hitting my right knee on the step up into the shower.  There were about 25 inmates that saw this.  They made the guard aware that I had fell and hurt my back and right leg and a wheel chair was brought to me, a Lt. Crew took me to the nurses office were he gave me 2 Ibuprofen and a couple of benadryl.  I did not see a nurse or a doctor.  I was taken back and layed down on the gym floor.  I could not get up at all.  I couldn't even get my own meals when they were brought to the door.  I was messed with by a couple of other inmates and had no way to call the guards.  There was not a call box in the gym and no guards back there.  A very large black man helped me, and him and his friend helped me to the bathroom from then on by picking me up off the floor and physically taking me.  After 4 days I was taken to another room that was smaller and had more people in it.  Most of the time I was in there the matts were one against another and had I been able to get up on my own I could not have got to the bathroom.  A bus came to pick me and some others up but left me behind saying that they were not equipt to handle me and that a van that could take me on to South Bend, Indiana and would be by there in a few days . . . I did not have a shower the whole 9 or 10 days I was at that jail and a total of 17 or 18 days without a shower while in transit with TransCor.  And while at the jail there I only saw a nurse once for 2 minutes, and she did not do anything for me except to give me a couple of Ibuprofen.  When I was picked up from the Jail I was not taken by the van they said was gona take me to South Bend but put on the same bus in a wheel chair and physically carried onto the bus.  This bus was not equip to handle a handicapped person either.  I was kept on this bus for about 3 full days also before getting dropped of in the South Bend, Indiana Jail.

Plaintiff also alleges that at the time he initially boarded the TransCor bus in Colorado, several items of his personal property (a stocking cap, a sweater, a coat and a "very expensive zippo lighter") were taken from him and thrown away.

Plaintiff is seeking monetary damages and an order requiring TransCor and the Christian County Jail to provide handicapped-accessible accommodations.

2

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A; *McGore*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364 (1982), a plaintiff is required to plead more than bare legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## III. ANALYSIS

**A.      Americans with Disability Act Claims**

The ADA prohibits prisons from discriminating against a qualified individual with a disability on account of that disability. *Pennsylvania Dept. of Corr. v. Yeskey*, 524 U.S. 206, (1998). The Act defines "public entity" to include "any State or local government" and "any department, agency, . . . or other instrumentality of a State." 42 U.S.C. § 12131(1). It prohibits such entities from discriminating against disabled persons in the operation of services, programs, or activities.[1] The United States Supreme Court has expressly held that the term "public entity" includes prison facilities. *See Yeskey*, 524 U.S. at 210. Title II of the ADA authorizes suits by private citizens for money damages against public entities that violate § 12132. Most recently in *United States v. Garcia*, 546 U.S. 151 (2006), the Supreme Court held that Title II of the ADA validly abrogated state sovereign immunity insofar as it created a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment.

In *Schmidt v. Odell*, 64 F. Supp. 2d 1014, 1032 (D. Kan. 1999), the plaintiff, a double amputee, alleged that the Cowley County Jail deprived him of a wheelchair or other accommodation and forced him to crawl and pull himself about the jail on the floor. In denying the jail summary judgment on the plaintiff's ADA claim, the court found that,

> [P]laintiff [] cited evidence that he was discriminated against or denied the benefits of some of the basic services of the jail by reason of his disability, including the use of the toilet, shower, recreational areas, and obtaining meals. . . The fact that plaintiff was actually able to use most of the jail services does not preclude his claim in light

---

[1]The Court notes that a federal district court in the Western District of Tennessee recently found that "overnight incarceration is covered by Title II of the ADA." *See Tucker v. Hardin County*, 448 F. Supp. 2d 901, 906 (W.D. Tenn. 2006). In reaching this determination the *Tucker* court relied heavily on the Sixth Circuit's pronouncement in *Johnson v. City of Saline*, 151 F.3d 564, 569 (6th Cir. 1998), that "services, programs, or activities . . encompass virtually everything that a public entity does."

4

of the fact he was able to do so only by virtue of exceptional and painful exertion which was contrary to a physician's instructions concerning his disability.

*Id.* Based on Plaintiff's allegations, the Court will allow Plaintiff's ADA claims to proceed against Defendants for further development.

**B.      Cruel and Unusual Punishment Claims**

The Eighth Amendment prohibits deliberate indifference to the needs of prisoners, including the basic elements of hygiene. *See Estelle v. Gamble*, 429 U.S. 97, 104, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976). Under the Fourteenth Amendment Due Process Clause, pretrial detainees, like Plaintiff, have a right to be free from cruel and unusual punishment that is analogous to the Eighth Amendment rights of prisoners. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). Based on Plaintiff's allegations, the Court will allow Plaintiff's cruel and unusual punishment claims to proceed for further development.

In doing so, the Court notes that the Christian County, Kentucky Jail is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Christian County that is the proper defendant. *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Christian County is a "person" for purposes of § 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the claims against the Christian County, Kentucky Jail as brought against Christian County.

5

**C.      Deprivation of Property Claims**

Plaintiff's claims concerning his property fall within the purview of the Fourteenth Amendment, which provides that the state may not deprive a person of his property without due process of law.  In *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), the Supreme Court stated that an unauthorized, intentional deprivation of property by a state employee "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Only after the state refuses to provide "a suitable postdeprivation remedy" does its liability in such a situation accrue.  *Id.*  ("For intentional … deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.").  Here, while Plaintiff alleges that Defendant TransCor intentionally deprived him of property without due process, he fails to show that he does not possess an adequate postdeprivation remedy to redress this wrong.  The Court will, therefore, dismiss his Fourteenth Amendment claim premised on the deprivation of property without due process of law.

The Court will enter separate Orders consistent with this Memorandum Opinion.

Date:

cc:      Plaintiff, *pro se*
         Defendants
         Christian County Attorney

4413.008

6